Herman v Lennon (2004 NY Slip Op 24132)

Herman v Lennon

2004 NY Slip Op 24132 [3 Misc 3d 873]

April 23, 2004

Supreme Court, Dutchess County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 4, 2004

[*1]
Jean Herman, Plaintiff,
v
Peter J. Lennon, Defendant.
Supreme Court, Dutchess County, April 23, 2004

APPEARANCES OF COUNSEL

Kenneth Roden, Fishkill, for defendant. Laura G. Shulman, P.C., Kingston, for plaintiff.

{**3 Misc 3d at 873} OPINION OF THE COURT

Christine A. Sproat, J. 
{**3 Misc 3d at 874}Ordered that defendant Peter Joseph Lennon's motion for summary judgment is granted and plaintiff's complaint against him is dismissed. Kenneth J. Roden, Esq.'s motion to be relieved is denied as moot.
The instant breach of contract action arises out of defendant Peter Joseph Lennon's alleged "failure to provide financial or other support" for plaintiff's child, Dylan Herman. (Verified complaint para 5.) Plaintiff Jean Herman "allowed herself to be artificially inseminated with donor sperm, resulting in a pregnancy that terminated with the birth of Dylan Joseph Herman on May 9, 2002." (Verified complaint para 4.) At the time that plaintiff was artificially inseminated, plaintiff and defendant were girlfriend and boyfriend. Plaintiff and defendant are not and have never been married to each other. Further, it is undisputed that [*2]defendant Peter Lennon is not the biological father of plaintiff's child, Dylan Herman. However, plaintiff claims that defendant Peter Lennon's alleged signing of a medical provider's "Consent for Artificial Insemination" form created an enforceable contract against the defendant for child support. Plaintiff also claims that the court should find that an implied contract exists between plaintiff and defendant.
A review of the written document upon which plaintiff relies reveals that such document is not a contract between plaintiff and defendant, but rather a medical consent form. (See, exhibit B annexed to plaintiff's notice of motion.) In fact, it appears to be the type of "consent in writing" referenced in Domestic Relations Law § 73. The court notes that both parties make reference to Domestic Relations Law § 73, entitled "Legitimacy of children born by artificial insemination." However, said statute is inapplicable to the instant matter as the plaintiff and defendant were not married to each other and Domestic Relations Law § 73 applies only to a "child born to a married woman . . . with the consent . . . of . . . her husband." (Domestic Relations Law § 73 [1] [emphasis added].)
Further, even if the medical consent form and/or defendant's conduct could be construed as an agreement between plaintiff and defendant, said agreement would be void for vagueness and unenforceable. Plaintiff requests that "[t]he Court determine the reasonable amount necessary for the maintenance and support of the infant child, and decree that sum be payable in monthly installments by the defendant to the plaintiff on behalf of the child until such time as the child is emancipated." (Ad damnum clause of verified complaint para 9.) It is well settled that "[{**3 Misc 3d at 875}b]efore the plaintiffs may secure redress for breach of a promise, the promise made by the defendant must be sufficiently certain and specific so that the parties' intentions are ascertainable." (Bernstein v Felske, 143 AD2d 863, 864 [2d Dept 1988], citing Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]; Mocca Lounge v Misak, 94 AD2d 761 [1983].) In addition, "Definiteness as to material matters is of the very essence of contract law, for without it a court could not intervene without imposing its own conception of what the parties should or might have undertaken, rather than confining itself to a bargain to which they have mutually committed themselves." (Bernstein v Felske, 143 AD2d 863, 864-865 [1988], citing Joseph Martin, Jr., Delicatessen v Schumacher, supra, 52 NY2d at 109.) In the instant matter the court must decline to supply the material terms which are absent from the purported agreement between plaintiff and defendant. Under the circumstances presented, "the void is too great, the omissions are too noticeable and the risk of ensnaring a party in a set of contractual obligations that he never knowingly assumed is too serious." (Bernstein v Felske, 143 AD2d 863, 865 [2d Dept 1988] [internal quotation marks omitted], quoting Mocca Lounge v Misak, 94 AD2d 761, 762-763 [1983], and citing Ginsberg Mach. Co. v J. & H. Label Processing Corp., 341 F2d 825, 828 [2d Cir 1965].)
Accordingly, defendant's motion for summary judgment dismissing plaintiff's complaint against him must be granted.